IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NC TWO, LP as Successor to BANK )
ONE, NA, Successor to AMERICAN )
NATIONAL BANK AND TRUST )
COMPANY OF CHICAGO, )
)
    Plaintiffs, )
) No. 04 C 0686
)
    v. ) Paul E. Plunkett, Senior Judge
)
ROGER PINNIX and TERRENCE )
WILLIAMS, )
)
    Defendants. )
)

## MEMORANDUM OPINION AND ORDER

NC Two, LP ("NC") as Successor to Bank One, NA, Successor to American National Bank & Trust Company, ("Plaintiffs") have filed a two-count complaint against Roger Pinnix and Terrence Williams ("Defendants") alleging breach of contract and account stated. In Count I, Plaintiffs claim that Defendants have breached their loan agreement because they have not satisfied the total balance of the loan. In Count II, Plaintiffs contend that there is an account stated because Defendants made payments on the loans without contesting the amount due. Before this Court is Plaintiffs' Federal Rule of Civil Procedure 56(a) motion for summary judgment. For the reasons set forth below, Plaintiffs' motion for summary judgment is denied.

## Facts

Unless otherwise noted, the following facts are either undisputed or deemed admitted because Defendants' response failed to comply with Local Rule 56.1 ("LR 56.1"), a local rule which this Court enforces.[1] *See* LR 56.1(b)(3)(B). *See also Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (upholding strict enforcement of LR 56.1 where non-movant failed to submit factual statement in form called for by rule, thus conceding the movant's version of the facts); *see also Smith v. City of Chicago*, 2002 WL 1770532 (N.D. Ill. Aug. 1, 2002). In approximately 1998, Defendants entered into a loan agreement with National Bank & Trust Company, who later merged with Bank One. Thereafter, Bank One assigned certain loan installments to NC Two. (Pls.' Stmt of Facts ¶¶ 2, 5.) On March 23, 2000, Defendants entered into a loan agreement or ("Loan 1") with NC. (*Id.* ¶ 5.) Loan 1 became due on March 21, 2001, at which time a successor installment loan agreement or ("Loan 2") was executed. (*Id.* ¶¶ 5,6.) The successor installment was entered into on March 30, 2001, and provided that Loan 2 would become due on March 31, 2002. (*Id.* ¶ 6.) Upon that due date, Defendants again entered into a successor installment loan agreement or ("Loan 3"). (*Id.* ¶ 7.) Loan 3 became due by its terms on March 31, 2003, meaning all unpaid principal plus accrued interest became due and payable. (*Id.* ¶¶ 7,8.) NC then purchased Note 3 on September 3,

---

[1]Specifically, Defendants have has failed to comply with LR 56.1(b). In its response, Defendants should have responded directly to each of the statements in Plaintiffs' 56.1(a)(3) Statement of Material Facts ("Plfs.'LR 56.1(a) Stmt."). Disagreement with any of Plaintiffs' 56.1(a)(3) statements should have been indicated with specific reference to the portions of the record on which Defendants rely for their disagreement. *See* N.D. Ill. R. 56.1(b)(3)(A). Defendants failed to do this. Instead, Defendants re-state most of Plaintiffs facts and generally say there is no dispute. However, they do not even acknowledge some of Plaintiffs' facts, apparently denying them by omission. Even construing these facts not as a response, but as Defendants LR 56.1(b)(3)(B) statement of additional facts, Defendants failed to support some of their assertions. We expect the parties to abide by LR 56.1 and will only consider facts that are presented in accordance with that rule. *See Newsome v. James*, 2000 WL 528475 (N.D. Ill. Apr. 26, 2000).

2003. (*Id.* ¶ 9.) The terms of Loan 2 and Loan 3 provided that the indebtedness was able to be sold, assigned, or transferred at any time. (*Id.* ¶ 10.) Also, Defendants previously waived any requirement that the lender give notice in the event of a default. (*Id.* ¶ 11.) Defendants received a letter dated September 22, 2003, that informed them of the amount due on the loan and where payments should be remitted, after which Defendants began to make payments on Loan 3. (*Id.* ¶¶ 14,15.) Furthermore, the parties agreed to the interest rate and the contract being construed pursuant to Illinois Law. (*Id.* ¶¶ 13,17.)

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

## Discussion

As an initial matter, federal courts have diversity jurisdiction when the matter in controversy exceeds $75,000 and "is between citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332 (a)(3). Here, NC is a corporation with its

principal place of business in Texas, thus a citizen of Texas. One Defendant is a citizen of Connecticut and the other is a citizen of Georgia.. The amount in controversy exceeds $200,000. Thus, diversity jurisdiction in this Court is established under 28 U.S.C.§1332(a)(1). Further, in a case where subject matter jurisdiction in federal court is premised on diversity jurisdiction under 28 U.S.C. § 1332, we apply the substantive law of the forum state, here Illinois. *Merrill v. Trump Indiana, Inc.*, 320 F.3d 729, 731 (7th Cir. 2003).

In Count I, Plaintiffs title their claim as breach of contract and contend that Defendants have breached their loan agreement by not paying the total balance due on their loan. To state a breach of contract claim in Illinois, Plaintiff must allege: (1) the existence of a contract between the Plaintiffs and the Defendants; (2) Plaintiffs' full performance of their duties under the contract; (3) Defendants' breach; and (4) Plaintiffs' damages as a result of the breach. *Elson v. State Farm Fire & Cas. Co.*, 295 Ill. App. 3d 1, 6 (1998) (citing *Nielsen v. United Servs. Auto. Ass'n*, 244 Ill. App. 3d 658, 662 (1993)); *see also Shubert v. Federal Express Corp.*, 306 Ill. App. 3d 1056, 1059 (1st Dist.1999).

Here, the facts are largely undisputed. The parties agree there was a contract, that Plaintiffs loaned money and validly assigned the loan, that Defendants have not paid the entire balance of the loan and that, without such payment, Plaintiff has incurred damages. As to liability, it is clear that Defendants have not yet fully performed their agreement. However, Plaintiffs are not asking for Summary Judgment on liability. Rather, they are moving for summary judgment on the amount of the principal that remains to be paid. Defendants do not disagree that they owe Plaintiffs more money, they simply disagree as to the amount. When such a question as to the amount owed on a contract arises, courts have concluded that the determination of the amount is a factual one and

summary judgment is not appropriate. *Harbor Universal, Inc. v. Morrow*, 1990 U.S. Dist LEXIS 10148, *7 No. 88 C 1063 (N.D. Ill. 1990); *Medcom Holding Co. v. Baxter Travenol Lab.*, 106 F.3d 1388, 1398 (7th Cir. 1997) (stating "the ascertainment and assessment of damages is a question of fact for the jury").

Defendants contend that the amount remaining on the principal of the loan is erroneous because Plaintiffs have not properly applied some of Defendants' remittance payments. Defendants have pointed to correspondence via fax, email and handwritten notes to establish that they believe some of the stated principal is inaccurate because some of their payments were not properly applied. (Pls' Mot. Summ. J. at Ex 9.) Plaintiffs believe that Defendants handwritten objection are not credible. However, at this juncture, we do not weigh the evidence and although this evidence may not ultimately be convincing, we believe it is enough for us to reserve the determination for the trier of fact. Thus, as to Count I, summary judgment is not appropriate.

In Count II, Plaintiffs similarly claim that there is an account stated and that Defendants are liable to Plaintiffs in the amount of $221,609.72 plus interests, fees and costs. An account stated is "an agreement between parties who have had previous transactions that the account representing those transaction is true and the balance stated is correct, together with a promise, express or implied, for the payment of such balance." *Dreyer Med. Clinic, S.C. v. Corral*, 227 Ill. App.3d 221, 226 (Ill. App. Ct. 1992). Under Illinois law, an account stated is a way to "prov[e] damages for the breach of a promise to pay on a contract." *Sexton v. Brach*, 124 Ill. App.3d. 202, 205 (Ill. App. Ct. 1984). But, when a statement of account is communicated to one party and that party does not object to the accuracy within a reasonable time, then an account stated may exist. *Id.* at 267; *see also ITQ Lata, LLC v. MB Financial Bank, N.A.*, 317 F. Supp. 2d 844, 858 (N.D. Ill. 2004) (stating "what

constitutes a reasonable amount of time within which to make an objection depends upon the circumstances of the case, the ordinary course of business, and the relationship of the parties.") However, unless an invoice is flagged as a final statement or as an affirmative balance of account, simply sending an invoice does not create an account stated. *Toth v. Mansell,* 207 Ill. App. 3d 665, 672, (1st Dist. 1990). When there is a dispute as to whether an account stated exists, that issue is properly resolved by the trier of fact. *W.E. Erickson Constr., Inc. v. Congress-Kenilworth Corp.,* 132 Ill. App.3d 260, 268, (1st Dist. 1985); *La Grange Metal Products v. Petitbone Mulliken Corp.,* 106 Ill. App. 3d 1046, 1053 (1st Dist. 1982) (noting that issue of the existence of an account stated is a question of fact).

Plaintiffs argue that because Defendants made payments on the loan, they affirmed the amount owed the indicated amount and may not now declare that the amount stated is incorrect. We disagree. Defendants did alert Plaintiffs that the amount was in dispute. Specifically, Defendants point to the handwritten correspondence on their May 15, 2001 fax, the April 12, 2002 letter, as well as the e-mails dated August 12, 2002 and September 9, 2002. (Pls.' Mot. Summ. J, Ex. 9.) That correspondence shows us Defendants' concern and disagreement with the amount of the remaining principal. By doing this, Defendants sufficiently established a genuine issue of material fact regarding the existence of an account stated. Even if Plaintiffs September 22, 2003 letter is construed as affirmative balance of account requesting payment in full, there remains a genuine question as to whether Defendants reasonably objected before Plaintiffs initiated this lawsuit three months later. Thus, as to Count II, Plaintiffs are also not entitled to summary judgment.

## Conclusion

For the foregoing reasons, Plaintiffs motion for summary judgment is denied. The next status date is set for April 18, 2006.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: **MAR 2 8 2006**